**Pablo Angel RODRIGUEZ–ARELLANO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–75243.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2011.*

Filed March 25, 2011.

Brigit Greeson Alvarez, Esquire, Law Office of Enrique Arevalo, South Pasadena, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Don George Scroggin, Esquire, Linda S. Wendtland, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

MEMORANDUM **

Pablo Angel Rodriguez–Arellano, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reconsider and review de novo legal and constitutional claims. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Rodriguez–Arellano's motion to reconsider where the motion did not identify any error of fact or law in the BIA's prior order. 8 C.F.R. § 1003.2(b)(1). It follows that the BIA did not violate due process. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a petitioner to prevail on a due process claim).

To the extent Rodriguez–Arellano raises a due process challenge to the BIA's dismissal of his direct appeal, we lack jurisdiction because he failed to file a petition for review of that decision. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.